# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUZANNE METRICK, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>HEALTHCARE REVENUE RECOVERY GROUP, LLC; and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

## LOCAL CIVIL RULE 10.1 STATEMENT

The mailing addresses of the parties to this action are:

SUZANNE METRICK
5 Luppatatong Avenue
Keyport, New Jersey 07735

HEALTHCARE REVENUE RECOVERY GROUP, LLC
1801 NW 66th Avenue
Plantation, Florida 33313

## PRELIMINARY STATEMENT

1. Plaintiff on behalf of herself and all others similarly situated ("Plaintiff"), by and through her attorneys, alleges that Defendants, HEALTHCARE REVENUE RECOVERY GROUP, LLC ("HRRG") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d). This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district because the acts of the Defendant that give rise to this action occurred in substantial part there.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person, a resident of Monmouth County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. HRRG maintains a location at 1801 NW 66th Avenue, Plantation, Florida 33313.

8. HRRG uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9. HRRG is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## **CLASS ACTION ALLEGATIONS**

11. Plaintiff brings this action as a class action, pursuant to Rule 23 of the FRCP, on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who HRRG collected or attempted to collect a debt from, in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

FDCPA

- All New Jersey consumers who were sent initial letters and/or notices from HRRG attempting to collect a debt (See Exhibit A), which included the alleged conduct and practices described herein.

The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit A**, except that the undersigned attorney has redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.    Whether the Defendants violated various provisions of the FDCPA;

    b.    Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small

- claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. On or about February 6, 2022, Plaintiff allegedly incurred a financial obligation to EMERGENCY PHYSICIAN ASSOCIATES OF NORTH JERSEY P.C. ("EMERGENCY PHYSICIAN ASSOCIATES").

16. The obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transactions, was primarily for personal, family or household purposes.

17. Plaintiff did not incur the EMERGENCY PHYSICIAN ASSOCIATES obligation for business purposes.

18. Plaintiff incurred the EMERGENCY PHYSICIAN ASSOCIATES obligation in connection with medical services and/or goods.

19. The EMERGENCY PHYSICIAN ASSOCIATES obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

20. EMERGENCY PHYSICIAN ASSOCIATES is a "creditor" as defined by 15 U.S.C. § 1692a(4).

21. On or about February 6, 2022, EMERGENCY PHYSICIAN ASSOCIATES referred the EMERGENCY PHYSICIAN ASSOCIATES obligation to HRRG for the purpose of collections.

22. At the time the EMERGENCY PHYSICIAN ASSOCIATES obligation was assigned to HRRG, the EMERGENCY PHYSICIAN ASSOCIATES obligation was in default.

23. HRRG caused to be delivered to Plaintiff an undated letter, which was addressed to Plaintiff regarding the EMERGENCY PHYSICIAN ASSOCIATES obligation. See **Exhibit A**, which is fully incorporated herein by reference.

24. The undated letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

25. The undated letter was Defendant's initial written communication to Plaintiff.

26. Pursuant to 15 U.S.C. § 1692l(d) of the FDCPA, "Except as provided in section 1029(a) of the Consumer Financial Protection Act of 2010 (12 U.S.C. 5519(a)), the Bureau may prescribe rules with respect to the collection of debts by debt collectors, as defined in this subchapter."

27. Accordingly, the CFPB prepared and issued rules prescribed under 12 CFR § 1006, commonly referred to as Regulation F.

28. The undated letter was purportedly generated in order to comply with Regulation F, effective November 30, 2021.

29. Regulation F established a Model Form initial collection letter which if used properly by a debt collector would satisfy regulatory compliance with 12 CFR § 1006.34(d)(2)(i).

30. While use of the Model Form initial collection letter might be sufficient to provide the information required by 12 CFR § 1006.34, it does not guarantee compliance with the requirements of 15 U.S.C. § 1692g or any other section of the FDCPA.

31. As a result, just because a debt collector uses the Model Form initial collection letter that purports to comply with 12 CFR § 1006.34, it does not mean that a debt collector has complied with provisions of the FDCPA.

32. Moreover, even if use of the Model Form initial collection letter might provide a safe harbor for some of section 1692g's statutory requirements, a safe harbor for the form of provided information is different from a safe harbor for the substance of that information.

33. Thus, use of the Model Form initial collection letter only provides coverage for regulatory compliance (with the CFPB) and not statutory compliance. See 12 CFR § 1006.34(d)(2)(i).

34. **While a debt collector does not have to use the Model Form initial collection letter, it still is required to provide the consumer with all of the information now required by Regulation F**.

35. Upon receipt, Plaintiff read and relied on the notices, statements and representations in the undated letter.

36. HRRG admitted that it was a debt collector in its undated letter:

> **Healthcare Revenue Recovery Group, LLC is a debt collector.**
> We are trying to collect a debt that you owe to EMER PHY ASSOC N JERSEY,P. We will use any information you give us to help collect the debt.

37. 15 U.S.C. § 1692g(a)(3), (4) and (5) allow the Plaintiff 30 days after receipt to dispute the debt, request verification of the debt and/or to request the name and address of the original creditor.

38. Defendant's undated letter, however, provided that Plaintiff had until November 13, 2022 to dispute the debt, request verification of the debt and to request the name and address of the original creditor.

39. Thus, the undated letter conflicts with and does not comply with the requirements of 15 U.S.C. § 1692g(a)(3), (4) and (5).

40. Pursuant to Regulation F, a debt collector must provide an itemization of the current amount of the debt reflecting any interest, fees, payments and credits occurring after the itemization date. See 12 CFR § 1006.34(c)(2)(vii).

41. That itemization **must** reflect the amount of the debt since the itemization date that is attributable to 1) interest charged, 2) fees incurred, 3) payments made, and 4) credits.

42. Defendant's undated letter presented Plaintiff with the following information concerning the balance claimed to be owed on the EMERGENCY PHYSICIAN ASSOCIATES obligation:

| | | |
|---|---|---|
| As of 02/06/22, you owed: | $ | 1,653.00 |
| Between 02/06/22 and today: | | |
|    You were charged this amount in interest: | + $ | 0.00 |
|    You were charged this amount in fees: | + $ | 0.00 |
|    You paid or were credited this amount toward the debt: | - $ | 0.00 |
| **Total amount of the debt now:** | $ | 1,653.00 |

43. It is not possible to determine from the undated letter which date "today" and "now" refer to since the letter is not dated.

44. Plaintiff had no idea what dates "today" and "now" refer to in Defendant's undated letter.

45. The Plaintiff was thereby misled as to the status and amount of the subject debt as there was no date associated with "today" or "now".

46. Because Defendant did not date the collection letter, the letter was suspicious, misleading and deceptive.

47. By withholding the date of the letter, Defendant withheld a material term from Plaintiff which rendered the undated letter confusing for him to understand the nature of the EMERGENCY PHYSICIAN ASSOCIATES obligation as well the true amount of the debt.

48. As a result of reading the undated letter coupled with the use of the undefined terms "today and "now", Plaintiff was left confused, and her ability to intelligently choose a response was frustrated.

49. Defendant's undated letter failed to effectively convey the amount of the debt and/or presented the amount of the debt in a confusing manner.

50. Because Defendant sent an undated letter to Plaintiff, he had no way of knowing whether he had been given the full "30-day period" to dispute the debt, request verification and/or request the name and address of the original creditor.

51. The stated purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

52. As described herein, Defendant engaged in abusive debt collection practices against the Plaintiff which deprived Plaintiff of the right to enjoy the benefits provided by the FDCPA.

53. HRRG knew or should have known that its actions violated the FDCPA.

54. Defendants could have taken the steps necessary to bring their actions within compliance with the law but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

55. It is HRRG's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the law, by *inter alia*:

   (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

   (b) Using a false representation of the character or amount of any debt;

   (c) Failing to effectively convey the amount of the debt;

   (d) Overshadowing and/or contradicting Plaintiff's rights under the FDCPA; and

   (e) Overshadowing and/or contradicting Plaintiff's right to dispute the debt or request the name and address of the original creditor.

56. On information and belief, Defendants sent written communications in the form annexed hereto as **Exhibit A** to at least 50 natural persons New Jersey within one year of this Complaint.

## COUNT I

## NEW JERSEY DECLARATORY JUDGMENT ACT

57. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

58. As discussed herein, the Court has jurisdiction to declare the rights of Plaintiff and others similarly situated relative to the Defendant.

59. Plaintiff is a person interested under a written contract or other writing constituting a contract or whose rights, status or other legal relations are affected by a statute, contract, who may have determined any question of construction or validity arising under the instrument, statute, contract and obtain a declaration of rights, status or other legal relations thereunder.

60. Plaintiff and others similarly situated are entitled to Declaratory Judgment that Defendant violated the Plaintiff's rights and the FDCPA as alleged herein.

## COUNT II

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

61. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

62. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

63. Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights.

64. Defendant violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; §1692e(2)(A); § 1692e(10); § 1692f; § 1692g(a) and §1692g(b).

65. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

66. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

67. As described herein, Defendants violated 15 U.S.C. § 1692e.

68. Defendant falsely represented the amount of the debt.

69. Defendants violated 15 U.S.C. § 1692e of the FDCPA by providing Plaintiff with an undated initial collection letter.

70. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

71. As described herein, Defendants violated 15 U.S.C. § 1692e(2)(A).

72. As described herein, Defendants violated 15 U.S.C. § 1692e(10).

73. As described herein, Defendants violated 15 U.S.C. § 1692f.

74. As described herein, Defendants violated 15 U.S.C. § 1692g(a) et seq.

75. Defendant violated 15 U.S.C. § 1692g(a)(1) by failing to effectively convey the amount of the debt.

76. Defendant violated 15 U.S.C. § 1692g(a)(1) by providing the amount of the debt in a confusing manner.

77. As described herein, Defendants violated 15 U.S.C. § 1692g(b).

78. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

79. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

80. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

  (b) Awarding Plaintiff and the Class statutory damages;

  (c) Awarding attorneys' fees and costs;

  (d) Awarding post-judgment interest.

  (e) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, hereby certify that the matter in controversy is not the subject matter of any other court, arbitration or administrative proceeding.

Dated: October 16, 2023

                *s/ Joseph K. Jones*
                Joseph K. Jones, Esq. (002182006)
                JONES, WOLF & KAPASI, LLC
                375 Passaic Avenue, Suite 100
                Fairfield, New Jersey 07004
                (973) 227-5900 telephone
                (973) 244-0019 facsimile
                jkj@legaljones.com
                *Attorneys for Plaintiff*

# EXHIBIT

# A

**Credit Card payments will appear on your next credit card statement as "HRRG".**

For your convenience you may pay by MasterCard, VISA, American Express or Discover. Check the appropriate box, print the cardholder's name as it appears on the card, the card number, the expiration date, sign and return this portion of your statement.

## INSURANCE INFORMATION

Insurance Company: _____

Claims Address: _____

City, State, Zip: _____

Policy Number: _____

Group Number: _____

Subscriber's Name: _____

Relationship: _____

Medicare Number: _____

**CREDIT CARD PAYMENT** — Please Check Appropriate Box

☐ MasterCard ☐ VISA ☐ [American Express] ☐ DISCOVER

CARD NUMBER: _____

EXP DATE: _____  PAYMENT AMOUNT: _____

SIGNATURE: _____  PHONE NUMBER: _____

NAME AS IT APPEARS ON CARD - PLEASE PRINT

## Change of Address:

Address: _____  Apt./Unit#: _____

City: _____  State: _____  Zip: _____

# HRRG

PO BOX 5406
CINCINNATI OH 45273-7942
800-984-9115 from 8am to 8:30pm EST, Monday to Friday
en español 800-398-3975

To: Suzanne F Metrick
5 Luppatatong Ave
Keyport NJ 07735-1017

Reference: 

**Healthcare Revenue Recovery Group, LLC (HRRG) is a debt collector.** We are trying to collect a debt that you owe to EMER PHY ASSOC N JERSEY,P. We will use any information you give us to help collect the debt.

## Our information shows:

You received services from EMER PHY ASSOC N JERSEY,P at RIVERVIEW MED CNT. The associated account number is ▇▇▇▇▇

| | | |
|---|---|---|
| As of 02/06/22, you owed: | $ | 1,653.00 |
| Between 02/06/22 and today: | | |
| You were charged this amount in interest: | + $ | 0.00 |
| You were charged this amount in fees: | + $ | 0.00 |
| You paid or were credited this amount toward the debt: | − $ | 0.00 |
| **Total amount of the debt now:** | $ | 1,653.00 |

## How can you dispute the debt?

- **Call or write to us by 11/13/2022 to dispute all or part of the debt.** If you do not, we will assume that our information is correct.

- **If you write to us by 11/13/2022,** we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form. You may also include supporting documents. We accept disputes electronically at Disputes@hrrgcx.com.

## What else can you do?

- Write to ask for the name and address of the original creditor, if different from the current creditor. If you write by 11/13/2022, we must stop collection until we send you that information. You may use the form below or write to us without the form. We accept such requests electronically at Requests@hrrgcx.com.

- Go to www.cfpb.gov/debt-collection to learn more about your rights under federal law. For instance, you have the right to stop or limit how we contact you.

- Contact us about payment options.

**Notice:** See reverse side for important information.

---------------------------✂------------------------------✂---------------------------

## How do you want to respond?

*Check all that apply:*

☐ **I want to dispute the debt because I think:**
  ☐ This is not my debt.
  ☐ The amount is wrong.
  ☐ Other (please describe on reverse or attach additional information).

☐ **I want you to send me the name and address of the original creditor.**

☐ I enclosed this amount: $_____

Make your check payable to *HRRG*.
Include the reference number ▇▇▇▇▇

To: Suzanne F Metrick
5 Luppatatong Ave
Keyport NJ 07735-1017

**Mail this form to:**
PO BOX 5406
CINCINNATI OH 45273-7942

1 060431717 000165300 030516576 5 2 3

HRF1